IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF: | ) | |
| | ) | |
| THUMB DRIVES (TAG NUMBER | ) | Magistrate No. 17-560 |
| E0000173) | ) | [UNDER SEAL] |
| | ) | |
| BLACK LAPTOP CASE WITH LAPTOP AND | ) | Magistrate No. 17-561 |
| PORTABLE DRIVES (TAG NUMBER E0000174) | ) | [UNDER SEAL] |
| | ) | |
| BLACK SILVER IPHONE (TAG NUMBER | ) | Magistrate No. 17-562 |
| E0000175) | ) | [UNDER SEAL] |
| | ) | |
| BLACK LAPTOP CASE WITH LAPTOP | ) | Magistrate No. 17-563 |
| (TAG NUMBER E0000178) | ) | [UNDER SEAL] |
| | ) | |
| BROWN LAPTOP BAG WITH IBM COMPUTER | ) | Magistrate No. 17-564 |
| (TAG NUMBER E0000180) | ) | [UNDER SEAL] |
| | ) | |
| BLACK LAPTOP BAG WITH DELL LAPTOP | ) | Magistrate No. 17-565 |
| (TAG NUMBER E0000182) | ) | [UNDER SEAL] |
| | ) | |
| BLACK LAPTOP BAG IM/X2 THINK PAD | ) | Magistrate No. 17-566 |
| LAPTOP (TAG NUMBER E0000183) | ) | [UNDER SEAL] |
| | ) | |
| BLACK DELL LAPTOP (TAG NUMBER | ) | Magistrate No. 17-567 |
| E0000184) | ) | [UNDER SEAL] |
| | ) | |
| BLACK THINKPAD LAPTOP (TAG | ) | Magistrate No. 17-568 |
| NUMBER E0000185) | ) | [UNDER SEAL] |
| | ) | |
| BLACK LENOVO THINKPAD LAPTOP | ) | Magistrate No. 17-569 |
| (TAG NUMBER 15-0000193) | ) | [UNDER SEAL} |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR A SEARCH WARRANT**

I, Thomas N. Carter, being duly sworn, depose and state as follows:

1

**Introduction and Background**

1.     I am a Special Agent with the Federal Bureau of Investigation (FBI), and as such, I
am charged with enforcing all laws in all jurisdictions of the United States, its territories
and possessions.  I have been an FBI Agent for approximately 26 years.  As part of my
duties, I investigate violations of federal law, including the online exploitation of
children, including violations pertaining to the illegal possession, receipt, transmission,
and production of material depicting the sexual exploitation of minors, as well as
violations involving the coercion and enticement of minors to engage in illegal sexual
activities.  I have gained expertise in the conduct of such investigations through training
in the area of child pornography and child exploitation investigations in seminars,
classes, and everyday work related to conducting these types of investigations and have
had the opportunity to observe and review numerous examples of child pornography in a
variety of media, including computer media.  I have obtained FBI Basic and Advanced
Crimes Against Children Training.  I have participated in the execution of numerous
federal and state search warrants which have involved child sexual exploitation and/or
child pornography offenses. I also work as a member of the Pittsburgh FBI Internet
Crimes Against Children Task Force.

2.     By virtue of my FBI employment, I perform and have performed a variety of
investigative tasks, including the execution of federal search warrants and seizures, and
the identification and collection of computer-related evidence.  I have personally
participated in the execution of numerous federal search warrants involving the search

2

and seizure of computer equipment in cases involving violations of Section 2252(a), 2422(b) and 2250 which involve the sexual exploitation of children.

3.  The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, including other law enforcement personnel and computer forensic examiners, review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein and information gained through my training and experience.

4.  The facts set forth in this affidavit do not constitute every fact that may relate to this investigation, but, rather, those that bear upon probable cause to search the items that were previously seized from Christopher Robert WOODS and/or the residence at 202 N. Jackson Street, Evans City, Pennsylvania, 16033.  These items are presently in FBI custody at 3311 East Carson Street, Pittsburgh, Pennsylvania, 15213.

5.  I also know that I know that Title 18, United States Code, Section 2252(a)(2) makes it a crime to knowingly distribute or receive a visual depiction of a minor engaged in sexually explicit conduct in interstate or foreign commerce.  Title 18, United States Code, Section 2252(a)(4)(B) makes it a crime to knowingly possess visual depictions of minors engaged in sexually explicit conduct, as defined in Section 2256, when such visual depictions have been either transported or produced either in interstate commerce, or through the use of materials which have been transported or produced in interstate commerce.  Title 18, United States Code, Section 2422(b) makes it a crime to coerce or

3

entice a minor to engage in unlawful sexual activity, which may include sexually explicit chats with actual children or undercover law enforcement agents posing as children. Through my experience and training, I am aware that Title 18, United States Code, Section 2256 defines "minor" for purposes of Section 2252, as "any person under the age of eighteen years." Section 2256 also defines "sexually explicit conduct" for purposes of these sections as including: a. genital-genital, oral-genital, anal-genital, and oral-anal sexual intercourse, whether between persons of the same or opposite sex; b. bestiality; c. masturbation; d. sadistic or masochistic abuse; or e. lascivious exhibition of the genitals or pubic area of any person.

6.    This affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the following items that were seized by the Evans City Police pursuant to a local search warrant from the residence at 202 N. Jackson Street, Evans City, Pennsylvania on January 8, 2015: thumb drives (tag number E0000173), black laptop case with laptop and portable drives (tag number E0000174), black silver Iphone (tag number E0000175), black laptop case with laptop (tag number E0000178), brown laptop bag with IBM laptop (tag number E0000180), black laptop bag with Dell laptop (tag number E0000182), black laptop bag 1M/X2 Think Pad laptops (tag number E0000183), black Dell laptop (tag number E0000184), black Think Pad laptop (tag number E0000185) and any other related storage media seized by the Evans City Police Department from 202 N. Jackson Street, Evans City, Pennsylvania on January 8, 2015. This affidavit is also submitted in support of a warrant to search a black Lenovo Think Pad (tag number 15-0000193) which was

4

obtained from Christopher WOODS' employer (Allegis Group/TEK Systems) by the Evans City Police pursuant to a local warrant dated February 21, 2015. Each of the items above, for which a warrant is sought, have been in the custody and control of law enforcement since their seizure or acquisition. A complete listing of the items to be searched appears at Attachment A.

7.     As more fully set forth herein, your affiant submits that there is probable cause to believe that Christopher Roberts WOODS violated Title 18, United States Code, Section 2252(a)(2) and (a)(4) by possessing, receiving and distributing child pornography. There is further cause to believe that WOODS violated or attempted to violate Title 18, United States Code, Section 2422 by coercing and enticing a Minor to Engage in Unlawful Sexual Activity.

8.     In addition, there is probable cause to believe that evidence, fruits and instrumentalities of said offenses will be found within the SUBJECT ITEMS. This affidavit sets forth only the facts necessary to establish probable cause for a search warrant of the SUBJECT ITEMS, and as such, it does not describe all the facts and circumstances of which I am aware. Facts not set forth herein are not relied upon in support of my conclusion that probable cause exists.[1]

**FACTS DETERMINED THROUGH INVESTIGATION**

9.     From January 3-7, 2015, Jennifer Lynne Woods discovered emails and images on a computer in her home used exclusively by her husband that were sexually explicit and

---

[1] Your affiant is aware that the Evans City Police Department submitted certain items for forensic review by the Pennsylvania State Police. While I have knowledge that forensic analysis was performed on some of the seized items, the results of any analysis are not being relied upon for purposes of this warrant.

5

appeared to depict children engaged in sexually explicit conduct.  Ms. Woods reported that the content on the computer included communications in which her husband discussed buying, selling and trading images of children who appeared to be under 18 years of age.  Ms. Woods saved some of this content onto a gray Lexar 2GB thumb drive.2  As of January 7, 2015, Ms. Woods and Christopher WOODS were living together, but Ms. Woods had initiated divorce proceedings.  Ms. Woods and Christopher WOODS had two children, who also lived in the home with them: a son with a date of birth in 1998 and a daughter whose date of birth was in 1999.

10.  Ms. Woods initially went to the Butler County District Attorney's Office and eventually the Evans City Seven Fields Regional Police Department to report her observations.  She provided a written statement in which she described finding two email accounts with "over 40,000 emails spanning 8 years."  Ms. Woods saw nude photos of girls that appeared to be prepubescent and some sexually explicit communications between her husband and girls claiming to be 13, 15 and "younger." According to Ms. Woods, in the communications, her husband also shared non-sexual pictures of Ms. Woods and their teenaged daughter, that had been posted on Facebook, but engaged in sexual chat about the two of them with others.  Also in the communications, Christopher WOODS admitted to masturbating into his daughter's underwear and expressed a desire to masturbate and ejaculate onto her breasts.  One of the email accounts that Christopher WOODS used to engage in these communications was bigmaninpa@gmail.com.

---

2 This thumb drive has been marked and maintained by law enforcement, Evans City Police and the Pennsylvania

11.     On January 8, 2015, Evans City Police briefly accessed the thumb drive provided by Jennifer Woods and applied for and obtained a local search warrant for the residence of Christopher WOODS at 202 North Jackson Street, Evans City, PA, 16033. The search warrant was executed on the same date. The items listed in paragraph 6, (with the exception of WOODS' work laptop which was obtained pursuant to a separate warrant from his employer) were seized from the home.

12.     On April 27, 2017, this affiant met with Patrolman Scott M. Longdon of the Evans City Seven Fields Regional Police at the Butler County District Attorney's Office. Ptlmn. Longdon affirmed the circumstances that preceded the execution of the search warrant at WOODS' home in 2015. He also verified that the electronic devices that were seized in this investigation had been maintained in the custody of law enforcement, Evans City Seven Fields Regional Police and the Pennsylvania State Police, continuously since their seizure on January 8, 2015.

13.     On May 3, 2017, this affiant interviewed Jennifer Woods at FBI Headquarters in Pittsburgh regarding her observations in 2015. Ms. Woods verified the information that she had provided to law enforcement previously. Ms. Woods and Christopher WOODS are now divorced.

14.     On May 10, 2017, the Evans City Police tendered custody of computers and storage media obtained in the course of the investigation of Christopher WOODS to FBI to allow for federal investigation and further forensic analysis. The evidence is presently maintained at FBI Headquarters at 3311 East Carson Street in Pittsburgh, Pennsylvania.

---

State Police, as evidence tag number E0000173.

On May 10-12, 2017, your affiant reviewed the gray LEXAR thumb-drive originally obtained by the Evans City Police from Jennifer Woods.3

15.     My review of the content of this thumb-drive revealed an email conversation between "Cobra Dragon" using email of: Alittlegirlie@yahoo.com and Bigmaninpa@gmail. Bigmaninpa@gmail.com was the email that was being utilized by Christopher WOODS in January 2015. (As of May 2017, a cursory review of internet social media and dating sites indicates that WOODS is continuing to use the handle "bigmaninpa" based upon photographs and consistent biographical data.) During the observed email exchange, it appears "Cobra Dragon"/Alittlegirlie@yahoo.com forwarded an email from "guycyrus@yahoo.com" which contained 5 images of young girls approximately 10-12 years old.  Four of the images depict the young girls in swimwear and or underwear. One image depicts a pre-pubescent girl who appears approximately 10-12 years old: she is nude, positioned on all fours and her genitals are graphically exposed from the rear.

16.     The corresponding email discussion focuses upon the sexually explicit image of the nude female child.  As "Bigmnaninpa@gmail.com," WOODS, comments, "They last one is a nice view. Does tgat look like you. Are you as young and tiny as the cutie in the bikini?"  Cobra Dragon/Alittlegirlie@yahoo.com replies, "lol im a little older than that but not much."

17.     On May 17, 2017, in the course of my investigation, Jennifer Woods recalled the nature of the content that she saved to the Lexar thumb-drive and ultimately provided to the Evans City Police.  Ms. Woods can still vividly recall the image of a young girl 10-

---

3 As described in paragraphs 10 and 11, the Lexar thumb-drive was voluntarily provided by Ms. Woods to law

12 years old, nude on all fours exposing her vagina and anus.  She described it as an image that she cannot get out of her mind.

18.    Ms. Woods also advised that she still had access to a Facebook page that she and Christopher WOODS used to share during their marriage.  The account was set up as "ChrisnJyn" to signify both Christopher and Jennifer WOODS.  In 2015, at or about the time that Ms. Woods discovered the sexually explicit chats and images on WOODS' computer, she had also observed sexually explicit messages between Christopher WOODS and others on the Facebook account to which they both had access.  She detailed how WOODS would "share" images from Facebook of her, their teenaged daughter and their teenaged daughter's friends which were not sexual in nature.  In conjunction with sharing these Facebook images, WOODS would engage in sexually explicit messaging with others about their daughter and their daughter's friends.  He referred to having collected underwear from Jennifer Woods, their daughter and their daughter's friends and talked about providing it to others.   WOODS made other statements indicative of a sexual interest in their daughter.  Jennifer Woods informed me that she had accessed the Facebook page as recently as November 2016 and observed that some of the historical sexual messages were still present on the Facebook account.  Following their divorce and separation, Christopher WOODS modified the Facebook page to reflect that it is his personal account and not a joint account.

enforcement on January 8, 2015.

According to Jennifer Woods, however, the account password remained the same and she was able to view the account as recently as May 2017.[4]

19.     Records indicate that Christopher WOODS presently resides in Cranberry Township, Pennsylvania. Records further indicate a mailing address of P.O. Box 1562, Creekview Circle, Apt. 1401, Cranberry Township, PA, 16066.

20.     Based on my knowledge, training, and experience, I know that electronic devices can store information for extended periods of time to include months and years. Similarly, content that has been viewed via the internet is typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools. Also based upon my knowledge, training and experience, I know that the mere passage of time should not degrade electronic evidence that has been retained in police or law enforcement custody or that has been preserved by Facebook or other social media platforms.

21.     There is probable cause to believe that things that were once stored on the devices for which an order to search is sought may still be stored there, even if deleted, for the following reasons:

        a.      Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted or viewed on the internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they may be recovered months or years later using forensic tools. This is so because when a person "deletes" a

---

4 As of the date of this affidavit, Jennifer Woods reports that she could not access the Facebook account and believes

file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

      b.     Therefore, deleted files, or remnants of deleted files, may exist in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

      c.     Similarly, files that have been viewed via the internet are sometimes automatically downloaded into a temporary internet directory or "cache." Remnants, file names and other evidence of content may help to resurrect and identify internet content.

As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on devices because:

      d.     Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

      e.     The process of recovering and identifying electronically stored information on a device is a dynamic process. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

---

that Christopher WOODS very recently changed the access password.

22. *Nature of examination.*   Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the forensic examination of the devices consistent with the warrant.  The examination may require law enforcement forensic examiners to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose storage media to human inspection in order to determine whether it is evidence described by the warrant.

### Sealing Order Requested

It is further respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this Application, including the Application, Affidavit, and Search Warrant, and the requisite inventory notice.  Sealing is necessary because the items and information to be searched and seized are relevant to an ongoing investigation and premature disclosure of the contents of this Affidavit and related documents may have a negative impact on the continuing investigation and may otherwise jeopardize its effectiveness.

### CONCLUSION

This affiant respectfully submits that this affidavit supports probable cause for a search warrant authorizing the examination of the SUBJECT ITEMS to seek the items described in Attachment B.  Specifically, that there is a reasonable probability that evidence of the crimes of

12

Possession, Receipt and Distribution of Child Pornography (18 U.S.C. § 2252(a)(4) and (a)(2) and

Coercion and Enticement of a Minor will be found on the SUBJECT ITEMS.

Respectfully submitted,

_____
THOMAS N. CARTER
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 24th day of May 2017.

_____
The Honorable Lisa Pupo Lenihan
United States Magistrate Judge

13

# ATTACHMENT A

The Subject Devices to be searched are:

     1. thumb drives (tag number E0000173)

     2. black laptop case with laptop and portable drives (tag number E0000174)

     3. black silver Iphone (tag number E000175)

     4. black laptop case with laptop (tag number E0000178)

     5. brown laptop bag with IBM laptop (tag number E0000180)

     6. black laptop bag with Dell laptop (tag number E0000182)

     7. black laptop bag 1M/X2 Think Pad laptops (tag number E0000183)

     8. black Dell laptop (tag number E0000184)

     9. black Think Pad laptop (tag number E0000185) and any other related storage media

Items 1-9 were seized by the Evans City Police Department from 202 N. Jackson Street, Evans City, Pennsylvania on January 8, 2015, and are currently located at FBI Headquarters, 3311 East Carson Street, 15213.

     10. black Lenovo Think Pad (tag number 15-0000193)

Item 10 was seized by the Evans City Police Department from Christopher WOODS' employer (Allegis Group/TEK Systems) by the Evans City Police pursuant to a local warrant dated February 21, 2015.  It is currently located at FBI Headquarters, 3311 East Carson Street, 15213.

## ATTACHMENT B

1.  Any and all information, images and correspondence related to violation of Title 18, United States Code, Sections 2252(a)(2) and (a)(4) prohibiting the possession, receipt or distribution of images of minors engaging in sexually explicit activity; and/or, Section 2422(b) prohibiting the coercion and enticement of a minor to engage in illicit sexual activity.

   a.  Any and all video, pictures, slides, or other visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, or child erotica;

   b.  Any and all records, correspondence or communications, in any format or media( including, but not limited to, email messages, chat logs, Instant/Private Messages, electronic messages) pertaining to the possession, production, distribution, receipt, or transmission of visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, or pertaining to coercion and enticement of a minor for the purpose of engaging in illegal sexual activity with a minor.

   c.  Any and all records of user attribution showing who used, owned, or controlled the device to be searched at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   d.  Any and all records of the times the device to be searched was used;

e. Any and all records pertaining to how the device to be searched was used and the purpose of its use including browsing history, bookmarks, favorites, histories, cookies, temporary Internet directory or "cache," virtual memory paging system, and other files reflecting internet access;

f. Any and all records of software that would allow others to control the device to be searched, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

g. Any and all evidence of the lack of such malicious software;

h. Any and all evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device to be searched;

i. Any and all passwords, encryption keys, and other access devices that may be necessary to access the device to be searched;

j. Any and all contextual information necessary to understand the evidence described in this attachment or necessary to identify minors who are depicted in images or the subject of chat and sexual banter;

k. Any and all address books, names, and lists of names and addresses of individuals who may have been contacted by the operator of the device to be searched for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2) or pertaining to coercion and enticement of a minor for the purpose of engaging in sexual activity with a minor;

l.  Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to e-mail messages, chat logs and electronic messages) identifying persons transmitting, through interstate or foreign commerce by any means, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2);

m.  Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography;

n.  Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members;

o.  Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to e-mail messages, chat logs and electronic messages, and other digital data files) that concern any accounts with an Internet Service Provider;

p.  Any and all records, documents, invoices and materials, in any format or medium (including, but not limited to e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer